Chen argues that the publishing of the Seventh Circuit's decision in *Lian v. Ashcroft*, 379 F.3d 457 (7th Cir.2004), constitutes materially changed circumstances excusing the untimely filing of her motion. Although Chen did not make that argument before the BIA, even assuming it was properly exhausted, it clearly fails. The issuance of a decision by a court in the United States is plainly not a changed country condition in China.

 Chen further argues that the BIA abused its discretion in declining to take administrative notice of the evidence discussed in *Lian*. Chen, however, did not submit that evidence with her motion, but rather quoted from the *Lian* opinion and requested that the Board take notice of the evidence discussed therein. *See* Motion to Reopen at 6. Chen cites no support for the proposition that the BIA abuses its discretion when it declines to consider evidence that was present in the record of a different case.[2] It was Chen's burden to present evidence to support her motion, *see* 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1), and simply citing to a case in which another petitioner did, in fact, present such evidence is not sufficient to carry that burden. Finally, we will not remand for the agency to consider extra-record evidence. *See Xiao Xing Ni v.*

*Gonzales*, 494 F.3d 260, 270 (2d Cir.2007) ("The existence of evidence that was not in the record before the BIA (and therefore was not examined by the BIA) does not present a sufficiently compelling situation to warrant the exercise of inherent power to order the taking of additional evidence.").[3]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

**YUNG HAO LIU, aka Liu Yong Hao, aka Hong, Jae Kim, Petitioner,**

**v.**

---

cause the evidence addressed by this Court in *Shou Yung Guo v. Gonzales*, 463 F.3d 109 (2d Cir.2006), establishes changed country conditions in China.

2. Chen argues that the Board could have taken judicial notice of the documents referred to in *Lian* pursuant to 8 C.F.R. § 1003.1(d)(3)(iv), which permits the Board to take "administrative notice of commonly known facts such as current events or the contents of official documents," insofar as the *Federal Reporter*, in which the *Lian* decision is published, is an "official document." Petitioner's Br. at 10. To the extent such an

argument has any merit, respondent correctly notes that the *Lian* documents themselves were not published in the *Federal Reporter*, and are only described in general terms in the *Lian* opinion. *See* 379 F.3d at 461–62.

3. Although Chen asserts that the BIA erred in failing to address whether she was part of a particular social group of individuals repatriated to China after illegally departing, the BIA's finding that Chen failed to establish changed country conditions was dispositive of her motion. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c).

Eric H. HOLDER, Jr.,* United States Attorney General, Respondent.

No. 08–2289–ag.

United States Court of Appeals,
Second Circuit.

April 22, 2009.

Theodore N. Cox, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division; Michelle G. Latour, Assistant Director; Michele Y.F. Sarko, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for Respondent.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Hold-

PRESENT: Hon. DENNIS JACOBS, Chief Judge, and Hon. WALKER, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Yung Hao Liu, a native and citizen of the People's Republic of China, seeks review of an April 28, 2008 order of the BIA affirming the April 17, 2007 order of Immigration Judge ("IJ") Jeffrey S. Chase, denying his motion to reopen his exclusion proceedings. *In re Yung Hao Liu,* No. A72 483 237 (B.I.A. Apr. 28, 2008), *aff'g* No. A72 483 237 (Immig. Ct. N.Y. City Apr. 17, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006).

The BIA did not err in affirming the IJ's denial of the Petitioner's motion for lack of jurisdiction. An IJ has jurisdiction to consider motions to reopen only until the applicant properly files an appeal, at which point jurisdiction vests with the BIA. *See* 8 C.F.R. § 1003.23(b)(1) (providing that an IJ may "reopen or reconsider any case in which he or she has made a decision, unless jurisdiction is vested with the Board of Immigration Appeals"); *Matter of Valles–Perez,* 21 I. & N. Dec. 769, 771 (BIA 1997). Here, jurisdiction had

er, Jr., is automatically substituted as the respondent in this case.

properly vested with the BIA, which had adjudicated his appeal years earlier.**

Also unavailing is the Petitioner's argument that the denial of a hearing on his applications for asylum, withholding of removal, and CAT relief "violates U.S. law as well as obligations under the U.N. Protocol Relating to the Status of Refugees, the Convention Against Torture, and [his] Due Process rights." First, there is no due process right to a discretionary grant of asylum. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 157 (2d Cir.2008) (an individual "who has already filed one asylum application, been adjudicated removable and ordered deported, and who has nevertheless remained in the country illegally for several years, does not have a liberty or property interest in a discretionary grant of asylum"). In any event, the Petitioner had ample process in his immigration proceedings. *See id.* Second, because the Protocol and the CAT are not self-executing treaties, they confer no private right of action absent an implementing statute. *See id.*

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

**FU MIN ZHU, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General,[1] Respondent.**

**No. 08–4261–ag.**

United States Court of Appeals, Second Circuit.

April 23, 2009.

---

** In any event, Petitioner's arguments would be foreclosed for the reasons set forth in *Yuen Jin v. Mukasey,* 538 F.3d 143 (2d Cir.2008); *see also Matter of C–W–L–,* 24 I. & N. Dec. 346 (BIA 2007).

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.